## NUSSBAUM v. STATE.

(Supreme Court, Appellate Division, Third Department. May 8, 1907.)

1. STATES—ACTIONS AGAINST—CONSENT.

A sovereign state cannot be sued, except by its own consent.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 44, States, § 779.]

2. SAME—STATUTES.

Code Civ. Proc. § 254, provides that the Court of Claims has jurisdiction to hear and determine a private claim against the state which has accrued within two years, and after hearing must render judgment for such sum as should be paid by or to the state; that, where jurisdiction to hear and determine a claim is conferred on a court by special law, the liability of the state is not thereby implied, but the claim is subject to defense and counterclaim by the state in the same manner and to the same extent as if presented under general law. *Held* that, where claimant was employed as counsel to a legislative committee on privileges and elections to conduct an investigation of a number of election contests. such section conferred jurisdiction on the Court of Claims to hear and determine claimant's claim for services, without a special enabling act.

Appeal from Court of Claims.

Claim by Myer Nussbaum against the state of New York. From a judgment of the Court of Claims, dismissing the claim, claimant appeals. Reversed, and new trial granted.

The claimant is an attorney and counselor at law, and was employed as counsel to the committee on privileges and elections of the Assembly to conduct the investigation of a number of contests for seats in the Assembly during the year 1906. The claimant was designated as counsel for such committee pursuant to a resolution, duly passed by the Assembly, authorizing such committee to employ counsel in the conduct of the investigation of such contests. On the trial it was admitted that the employment of plaintiff was legal and proper, and that the services were rendered as claimed. The claim was dismissed, and the claimant appeals.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

Myer Nussbaum, in pro per.

William S. Jackson, Atty. Gen., for the State.

CHESTER, J. The Court of Claims seems to have dismissed the claim on the ground that no enabling act had been passed by the Legislature, and therefore the state had not consented to have its liability for the services performed determined by that court. There is no doubt of the proposition that a sovereign state cannot be sued, except by its own consent. This is too well settled to require the citation of authority in support thereof. We think, however, the state gave its consent to be sued on claims of this character when it enacted section 264

of the Code of Civil Procedure. We have expressly so held in the recent case of Remmington v. State, 116 App. Div. 522, 101 N. Y. Supp. 952, which was a case where there was no enabling act passed by the Legislature giving its consent to be sued, other than the section of the Code referred to. So long as that case stands unreversed, we must follow it.

It is altogether correct to say that conferring jurisdiction upon the Court of Claims to hear a private claim does not create a claim against the state. The claim against the state in this instance was created when the Assembly authorized its committee to employ counsel, and when, pursuant to that authority, it made the employment and the services were rendered. When the Assembly thus made a contract, and when the services under it were performed, there followed an implied agreement that the state would pay for the value of such services. The claim here accrued within two years, and is a private claim arising on contract, and just that kind of a claim the Court of Claims has jurisdiction to hear and determine under the section of the Code referred to. It cannot be that, after creating and conferring jurisdiction upon it to hear and determine a private claim against the state accruing within two years, an enabling act must be passed, in addition to that, in every case, before the Court of Claims can hear and determine it and render judgment for such sum as should be paid by the state. The effort in New York state has for years been to do away with the necessity for special legislation. The Court of Claims is called upon to pass upon several hundred private claims in each year; and, if a special act is required to be passed by the Legislature before that court can hear any such claim, the volume of special legislation would be increased to a very great extent. Said section 264, giving the court its general jurisdiction to hear claims of this character, would be practically nullified; for there would be no need of such general jurisdiction, as jurisdiction would have to be found in the special legislation relating to each specific case.

The section referred to bears upon its face a contradiction of the construction put upon it by the Court of Claims, for it is there provided that, "where jurisdiction to hear and determine a claim is conferred upon the court by a special law the liability of the state is not thereby implied." This shows clearly that it was the legislative intent to confer a general jurisdiction upon the court by the section, and that the liability of the state was not to be implied from a special act. It also shows that it was not the intention that a claim should necessarily arise or be created because a special act was passed, or that a special act was required in every case. It is a matter of common knowledge that special legislation is sought and is necessary in many cases to avoid the short statute of limitations, and for other reasons that might be suggested; but we think the Court of Claims has ample jurisdiction to determine the claim in question here without any special act giving the consent of the state to be sued, and therefore that the judgment should be reversed, with costs to the appellant, and a new trial granted. All concur.